IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA,  EASTERN DIVISION

LILLIAN MARTIN,                )
                               )
        Plaintiff,             )
                               )        CIVIL ACTION NO.
        v.                     )         3:08cv156-MHT
                               )
DIVERSICARE LEASING            )
CORPORATION d/b/a              )
Canterbury Health Facility,    )
                               )
        Defendant.             )

ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) 1441 (removal).  To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship.  See McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).  The allegations must show that the citizenship of each plaintiff is different from that of each defendant.  See 28 U.S.C. § 1332; see also

2 James Wm. Moore, et al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The removal notice is insufficient because it does not indicate the citizenship of the corporate defendant. The notice must allege the citizenship of <u>both</u> the State of incorporation <u>and</u> where the corporation has its principal place of business.  <u>See</u> 28 U.S.C. § 1332(c)(2); <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam).

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the defendant has until April 18, 2008, to amend the notice of removal to allege jurisdiction sufficiently, <u>see</u> 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 27th day of March, 2008.

<u>   /s/ Myron H. Thompson   </u>
**UNITED STATES DISTRICT JUDGE**